UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:07-CV-331-H

DEBORAH CRIDER							PLAINTIFF

V.

LIFE INSURANCE COMPANY OF NORTH AMERICA			DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Originally, Plaintiff Deborah Crider has appealed the denial of long-term disability benefits under an Employee Retirement Income Security Act ("ERISA") plan ("the Plan") administered by Defendant Life Insurance Company of North America ("LINA"). Now she has moved for leave to amend her complaint to include a claim for breach of fiduciary duty under § 502(a)(2)[1] of ERISA and a claim to enforce the terms of the plan incorporating Indiana law under § 502(a)(1)(B). 29 U.S.C. §§ 1132(a)(2); 1132(a)(1)(B). Defendant has opposed both requests on various grounds. As it turns out, each of Plaintiff's requests is resolved upon the clear application of traditional ERISA preemption doctrines. After due consideration, the Court denies the motion on both counts.

I.

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend its

---

[1] Section § 502(a)(2) provides that a civil action may be brought: "By the Secretary, or by a participant, beneficiary or fiduciary for appropriate relief under section 1109 of this title." 29 U.S.C. § 1132(a)(2).

pleadings with the Court's consent, which "shall be freely given when justice so requires." FED. R. CIV. P. 15(a). A district court may exercise its discretion to deny such leave based on "futility of amendment." *Foman v. Davis,* 371 U.S. 178, 182 (1962). An amendment is futile if the amended pleading could not withstand a motion to dismiss for failure to state a claim. *See e.g., Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299 (6th Cir. 2000). When considering whether a pleading states a claim, this Court construes the complaint in the light most favorable to the plaintiff, *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir.1998), and accepts all the complaint's factual allegations as true. *Id.* The Court may not grant such a motion to dismiss based on disbelief of a complaint's factual allegations. *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir.1995). Rather, the Court must liberally construe the complaint in favor of the party opposing the motion, and "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atl. Corp. v. Twombly*, --- U.S. ----, 127 S.Ct. 1955, 1969 (2007).

Crider's original complaint asserts two claims. The first is for recovery of benefits under § 502(a)(1)(B) and the second seeks relief under § 502(a)(1)(A) for LINA's failure to provide information. 29 U.S.C. §§ 1132(a)(1)(B); 1132(a)(1)(A). Crider now seeks leave to amend her complaint to include a count for breach of fiduciary duty under § 502(a)(2) and under § 502(a)(1)(B) to enforce her purported right under Indiana law to have LINA "deal in good faith." 29 U.S.C. §§ 1132(a)(2); 1132(a)(1)(B).

II.

The Court first considers Crider's additional claim for breach of fiduciary duty arising under § 502(a)(2). Section §502(a) of ERISA identifies six types of civil actions that various

parties may bring. The second of these civil actions, which Crider now seeks leave to pursue, provides for suits to enforce the liability-creating provisions of § 409 concerning breaches of fiduciary duties that harm ERISA plans.[2] The fiduciary duties include the duty to act "in accordance with the documents and instruments governing the plan . . ." 29 U.S.C. § 1104(a)(1)(D). Here, Crider says that LINA breached that fiduciary duty by failing to comply with applicable claims and appeals regulations and by violating the laws of Indiana. She purports to bring this claim to "recover on behalf of the Plan all costs and expenses, including but not limited to attorneys' fees incurred by the Plan as a result of LINA's" breach of its fiduciary duty. Crider also seeks removal of LINA as a Plan fiduciary and a permanent injunction barring LINA from serving as a fiduciary for an ERISA plan in the future.

Neither the Supreme Court nor the Sixth Circuit has directly addressed whether the availability of a complete remedy for a plaintiff under § 502(a)(1)(B) precludes him or her from proceeding with a claim on behalf of the Plan under § 502(a)(2) for attorneys fees and equitable relief. *See LaRue v. DeWolff, Boberg & Assoc., Inc.*, –U.S.–, 128 S.Ct. 1020, 1028 (2008)(observing, "other courts in other cases remain free to consider what we have not – what effect the availability of relief under § 502(a)(1)(B) may have on a plan participant's ability to proceed under § 502(a)(2).")(Roberts, J. concurring in part and concurring in the judgment).

---

[2]Section 409(a) provides:

(a) Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary. A fiduciary may also be removed for a violation of section 1111 of this title.

29 U.S.C. § 1109(a).

As described by the Supreme Court, the "principal statutory duties imposed on fiduciaries by [§ 409] 'relate to the proper management, administration, and investment of fund assets,' with an eye toward ensuring that 'the benefits authorized by the plan' are ultimately paid to participants and beneficiaries." *LaRue,* 128 S.Ct. at 1024 (2008)(quoting, in part, *Mass. Mut. Life. Ins. Co. v. Russell*, 473 U.S. 134, 142 (1985)). The ERISA fiduciary obligations "relat[e] to the plan's financial integrity" and "reflec[t] a special congressional concern about plan asset management." *Varity Corp. v. Howe*, 516 U.S. 489, 511-12 (1996). In considering the legislative history and purpose of ERISA, the Supreme Court recently observed that "the crucible of congressional concern was misuse and mismanagement of plan assets by plan administrators." *LaRue*, 128 S.Ct. at 1024 (quoting *Russell*, 473 U.S. at 141 n.8).

The question here is whether the facts Crider allege state a claim for breach of fiduciary duty under § 502(a)(2) which is separate from her claim for benefits under § 502(a)(1)(B). In at least three recent cases the Sixth Circuit has allowed plaintiffs to pursue both a claim for benefits under §502(a)(1) and also to attempt to hold a plan responsible for breaches of fiduciary duty under a separate §502(a) action. *See, e.g., Gore v. El Paso Energy Corp. Long Term Disability Plan*, 477 F.3d 833, 838-42 (6th Cir.2007)(holding that a plaintiff could simultaneously obtain relief under § 502(a)(1)(B) and § 502(a)(3), but only because recovery under the former would not provide adequate relief); *Hill v. Blue Cross & Blue Shield of Mich.,* 409 F.3d 710 (6th Cir. 2005)(putative class action challenging the plan-wide claims-processing methodology proceeding under §502(a)(1) and §502(a)(3)[3]); *Fallick v. Nationwide Mut. Ins. Co.*, 162 F.3d

---

[3]That section provides for an action:

by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such

4

410, 418 (6th Cir. 1998)(challenging plan-wide methodology for computing benefits). In both *Hill* and *Fallick*, however, the plaintiff's fiduciary duty claims were based "on allegations of systemic plan-wide claims-administration problems." *Hill*, 406 F.3d at 718 (observing the difference between plan-wide claims and those correcting the denial of individual claims). And in *Gore*, the Sixth Circuit acknowledged that a claim for breach of fiduciary duty under §502(a)(3) alleging wrongful denial of benefits would be "duplicative" of a §502(a)(1)(B). *Gore*, 477 F.3d at 840.

      In contrast to both *Hill* and *Fallick*, Crider's complaint does not allege systemic, plan-wide claims-administration defects. Nor does it allege a claim "distinct and unrelated" from her claim for benefits as in *Gore*. Rather, Crider alleges that LINA "improperly and arbitrarily" terminated *her* individual long term disability benefits. Crider's allegations all concern how LINA processed her individual claim which she argues "caused the Plan to incur unnecessary legal expenses and costs." True, Crider does seek relief (in the form of repayment of legal expenses to the Plan and injunctive relief) that would, as required of most §502(a)(2) claims, "inur[e] to the benefit of the plan as a whole," and not to her as an individual. *See Russell*, 473 U.S. 134, 140 (1985). The Supreme Court has clearly stated, however, that though "a plan administrator engages in a fiduciary act when making a discretionary determination about whether a claimant is entitled to benefits under the terms of the plan documents," ERISA "specifically provides a remedy for breaches of fiduciary duty with respect to the interpretation of plan documents and the payment of claims, one that is *outside the framework of the second*

---

violations or (ii) to enforce any provisions of this subchapter or the terms of the plan;

29 U.S.C. §1132(a)(3).

5

*subsection and cross-referenced § 409*, and one that runs directly to the injured beneficiary. § 502(a)(1)(B)." *Varity Corp.,* 516 U.S. at 511-12 (emphasis added). As Chief Justice Roberts recently noted in his *LaRue* concurrence, any other result would run completely counter to ERISA's enforcement scheme:

> the significance of the distinction between a § 502(a)(1)(B) claim and one under § 502(a)(2) is not merely a matter of picking the right provision to cite in the complaint. Allowing a § 502(a)(1)(B) action to be recast as one under § 502(a)(2) might permit plaintiffs to circumvent safeguards for plan administrators that have developed under § 502(a)(1)(B). Among these safeguards is the requirement, recognized by almost all the Court of Appeals, that a participant exhaust administrative remedies mandated by ERISA § 503, 29 U.S.C. § 1133, before the filing under § 502(a)(1)(B). Equally significant, this Court has held that ERISA plans may grant administrators and fiduciaries discretion in determining benefit eligibility and the meaning of plan terms, decisions that courts may review only for an abuse of discretion.

128 S.Ct. At 1026 (Roberts, J., concurring in part and concurring in the judgment).

Where, as here, the only identified losses to the plan as a whole are the litigation expenses associated with defending an individual claim for benefits, *any* §502(a)(1) claim could be recast as a §502(a)(2) claim.[4] *See, e.g., Coyne & Delany Co. v. Blue Cross Blue Shield of Va., Inc.*, 102 F.3d 712, 714 (4th Cir. 1996)(noting "to proceed as a breach of fiduciary duty action would encourage parties to avoid the implications of section 502(a)(1)(B) by artful pleading: indeed *every* wrongful denial of benefits could be characterized as a breach of fiduciary duty"). Here, the facts Crider alleges are insufficient to establish that the failure to act "in accordance with the documents and instruments governing the plan . . ." with respect to Crider's claim for benefits resulted in a cognizable injury to the plan as a whole. The litigation expenses arise from

---

[4]That Crider pursues her claim for fiduciary breach in addition to her claim for benefits (as opposed to as an alternative) does not alter the logic supporting this conclusion.

the initiation of a lawsuit, not the alleged original failure to follow the plan documents. Because Crider's complaint does not allege systemic, plan-wide claims-administration problems or a claim as in *Gore* which is "distinct and unrelated" to her claim for benefits, she fails to state a separate claim for breach of fiduciary duty pursuant to § 502(a)(2) and the ERISA remedy for the injury she alleges is that specified in § 502(a)(1). Thus, an amendment to include a § 502(a)(2) claim in this case would be futile. The Court denies her motion.

### III.

Crider also seeks leave to allege a count for "failure to deal in good faith." She argues that the duty to act in good faith is a feature of Indiana law which has been incorporated as an "express written term[] of the ERISA Plan." The "express" contractual language to which Crider refers is a statement on the first page of the contract which states, "This contract shall be governed by the laws of the state in which it is delivered. . . . Policy Delivered In: IN." Complaint Exh. A. Crider contends that by virtue of this language any Indiana state law claim becomes a contract term which may be enforced pursuant to § 502(a)(1)(B).

Crider's argument is irreconcilable with the purposes and goals of ERISA to promote uniformity in the adjudication of healthcare benefit disputes. "Numerous issues which would otherwise be decided by state law are preempted by ERISA for the specific purpose of providing uniformity." *DaimlerChrysler Corp. Healthcare Benefits Plan v. Durden*, 448 F.3d 918, 928 (6th Cir. 2006). ERISA expressly preempts state laws which "relate to" employee benefit plans. Section 514(a) provides:

> Except as provided in subsection (b) of this section, the provisions of this subchapter and in subchapter III of this chapter *shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in this section . . .*

29 U.S.C. § 1144(a). The Supreme Court has ruled that a state law claim asserting bad faith processing of a claim of benefits under an ERISA-regulated plan is preempted. *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 57 (1987) because it "relates to" an employment benefit plan. Here, Crider cannot escape the application of *Pilot Life* by recasting the good faith duty as a "right[] under the terms of the plan" which would be enforceable under § 502(a)(1)(B). 29 U.S.C. § 1132(a)(1)(B). As the Sixth Circuit has noted, "[i]t is not the label placed on a state law claim that determines whether it is preempted, but whether in essence such a claim is for the recovery of an ERISA plan benefit." *See Cromwell v. Equicor-Equitable HCA Corp.*, 944 F.2d 1272, 1276 (6th Cir. 1991).

Notably, Crider concedes that the requirement that an Indiana insurer "deal in good faith" does not fall within the "savings clause" provision of 29 U.S.C. § 1144(b)(2)(A).[5] But even if it did, the Sixth Circuit recognizes the strong preemptive attributes of ERISA in the context of supplemental remedies or causes of action:

> [A]ny state law "provid[ing] a form of ultimate relief in a judicial forum that adds to the judicial remedies provided by ERISA . . . patently violates ERISA's policy of inducing employers to offer benefits by assuring a predictable set of liabilities, under uniform standards of primary conduct and a uniform regime of ultimate remedial orders and awards when a violation has occurred.

*Caffey v. UNUM Life Ins. Co.,* 302 F.3d 576, 582 (6th Cir. 2002)(quoting *Rush Prudential HMO, Inc. v. Moran*, 536 U.S. 355, 379 (2002). Thus, "any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear

---

[5]That section provides: "Except as provided in subparagraph (B), nothing in this subchapter shall be construed to exempt or relieve any person from any law of any State which *regulates insurance*, banking, or securities." 29 U.S.C. §1144(b)(2)(A) (emphasis added).

congressional intent to make the ERISA remedy exclusive and therefore pre-empted." *Aetna Health Inc. v. Davila*, 542 U.S. 200 (2004).

Even if the Court were to conclude that some Indiana state laws, such as those regulating insurance, were consistent with enforcement of the ERISA plan here, *see, e.g. Rush,* 536 U.S. 355, the Supreme Court has been clear that a state law action for bad faith is preempted by ERISA. *Pilot Life*, 481 U.S. at 57. Thus, to incorporate such a cause of action into the terms of the plan would be "inconsistent with the language of ERISA or the policies that inform the statute and animate the common law of the statute." *Buce v. Allianz Life Ins. Co.*, 247 F.3d 1133, 1148-49 (11th Cir. 2001). A duty of good faith is not among those aspects of Indiana law which may control the parties contract to the extent that they do not stand as an obstacle to the accomplishment of the purposes and objectives of ERISA. *See Pilot Life,* 481 U.S. at 57. A choice of law clause referencing Indiana law simply does not permit the parties to side-step the strong preemptive effect of ERISA. For these reasons, the Court will deny Crider's leave to amend her complaint to assert a claim for failure to deal in good faith as a contractual term.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Crider's motion for leave to file Amended Complaint is DENIED on the grounds that it would be futile to do so.

This is NOT a final order.

cc: Counsel of Record